**Joseph A. Hayden, Jr.**
Member of the Firm
jhayden@pashmanstein.com
Direct: 201.639.2004



July 19, 2021

**Via ECF**
The Honorable Julien Xavier Neals, U.S.D.J.
United States District Court
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark NJ 07101

      **Re:**    *IQVIA Inc., et al. v. Veeva Systems Inc.*, Case No. 2:17-cv-00177-JXN-MF (D.N.J. January 10, 2017) ("MDM Action")

           *Veeva Systems Inc. v. IQVIA Inc., et al.*, Case No. 2:19-cv-18558-JXN-MF (D.N.J. July 18, 2019) ("Nitro Action")

           *IQVIA Inc., et al. v. Veeva Systems, Inc.*, Case No. 2:19-cv-15517-JXN-MF (D.N.J. July 17, 2019) ("Declaratory Judgment Action") (consolidated with the Nitro Action)

Dear Judge Neals:

      This firm is co-counsel with Kellogg Hansen Todd Figel & Frederick P.L.L.C., Wilson Sonsini Goodrich & Rosati PC, and Susman Godfrey L.L.P. for Veeva Systems Inc. ("Veeva"). in these actions. We write in response to IQVIA Inc.'s letter to the Court dated July 16, 2021, ECF No. 367 in the 2017 MDM Action.

      Putting aside IQVIA's description of the parties' dispute and issues in the cases, which Veeva addresses below, Veeva agrees with IQVIA that an in-person status conference with the Court is urgently needed. As IQVIA notes, Judge Cecchi appointed Judge Dennis M. Cavanaugh (ret.) as special master in the MDM Action under Federal Rule of Civil Procedure 53. Veeva has filed significant objections to Judge Cavanaugh's discovery rulings. Some of those objections have been pending for more than two years. In addition, Veeva has been prevented from proceeding with its antitrust claims in the 2019 consolidated Nitro and Declaratory Judgment Actions—which concern different products and conduct than are at issue in the MDM Action—because those cases were stayed over Veeva's objection. Veeva's motion to lift that stay is also pending before the Court.

      As explained in more detail below, these cases have been stalled due to those pending objections and motion. Accordingly, Veeva respectfully joins in the request for a status conference to discuss with the Court the most efficient way to move these actions toward trial.

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

Phone: 201.488.8200
Fax: 201.488.5556
www.pashmanstein.com

The Honorable Julien Xavier Neals, U.S.D.J.
July 19, 2021
Page 2

## Background

These cases arise out of an antitrust dispute in the life-sciences industry. IQVIA is the largest pharmaceutical-data and analytics company in the world, has long operated as a monopolist in the global markets for healthcare reference and sales data, and, as publicly reported, is under Federal Trade Commission ("FTC") investigation.[1] Reference data is public information regarding doctors, hospitals, and other medical professionals and organizations, such as names, contact information, and organizational affiliations. Sales data tracks the prescriptions written and volumes of each drug sold in a given geographic region. Pharmaceutical and biotechnology companies license IQVIA's reference- and sales-data products. Those same customers also use Veeva's software products, which allow the customers to organize and analyze reference, sales, and other data. For many years, customers were able to use IQVIA data, which the customers purchase from IQVIA through licensing agreements with Veeva software. But, when Veeva began offering data products that competed with IQVIA's and IQVIA began selling software products that competed with Veeva's, IQVIA refused to enter into such agreements for Veeva's applications described below and took other steps to prevent the parties' mutual customers from licensing Veeva's products. Moreover, IQVIA actively positions this litigation with customers as an excuse to continue its anticompetitive behavior towards Veeva.[2]

**MDM Action**

In 2017, IQVIA filed the MDM Action, alleging that Veeva had violated IQVIA's trade secrets. Veeva contends that IQVIA has no bona fide trade-secrets claims, especially in data collected from public sources (including the government), but instead filed those claims as part of its strategy to maintain monopoly power and provide air cover in the marketplace for its anticompetitive conduct. Veeva filed antitrust counterclaims alleging that IQVIA unlawfully prevented customers from using IQVIA data in Veeva's master data-management (MDM) software—software that allows customers to organize and analyze information from disparate

---

[1] The FTC has opened an investigation into IQVIA's conduct with respect to life-sciences companies' requests to use IQVIA reference and sales data in Veeva-hosted software. Josh Sisco, *IQVIA: FTC Investigating Allegations of Tying, Withholding Data From Drugmakers*, Capital Forum (Dec. 23, 2021). The parties have provided the FTC with pleadings, motions and exhibits, and deposition transcripts and exhibits from the actions before this Court.

[2] *See, e.g.*, IQVIA's website as of June 9, 2021, "IQVIA Veeva Lawsuit - Advocating for Responsible Data Use – IQVIA," accessed at: https://www.iqvia.com/About-Us/Third-Party-Access-Program/Advocating-for-the-Responsible-Use-of-Information (stating that IQVIA "will reject all new client TPA requests for Veeva relating to new data types . . . and new permitted uses . . . until our concerns about the misuse of IQVIA intellectual property by Veeva have been fully resolved by the courts").

The Honorable Julien Xavier Neals, U.S.D.J.
July 19, 2021
Page 3

sources. Veeva's counterclaims also allege that IQVIA seeks to block customers from switching to Veeva's competing data products. Judge Cecchi denied both parties' motions to dismiss, appointed Judge Cavanaugh as special master, *see* Order, Case No. 2:17-cv-00177, ECF No. 110 (Jan. 10, 2018), and appointed Judge Faith Hochberg (ret.) as mediator, *see* Order, Case No. 2:17-cv-00177, ECF No. 137 (May 9, 2018). As noted below, Veeva filed objections to some of Judge Cavanaugh's discovery rulings.

**Nitro Action**

The consolidated 2019 cases concern different, new Veeva products. In 2019, Veeva sought to amend its counterclaims in the MDM Action to add new claims describing IQVIA's efforts to block additional Veeva software products, which provide commercial-data warehousing (Nitro), artificial-intelligence (Andi), medical-communication (MedComms), and territorial-alignment (Align) capabilities. Veeva also sought to add a new claim that IQVIA accessed Veeva's software without authorization to do so. IQVIA responded with a separate action seeking a declaratory judgment that the antitrust laws do not require it to permit Veeva's customers to use IQVIA's data in Veeva's Nitro product (*i.e.*, the Declaratory Judgment Action). Veeva filed its own complaint (*i.e.*, the Nitro Action), asserting the new claims. Veeva's claims in the Nitro Action are different from its claims in the MDM Action because they allege that IQVIA used tactics at different times to block different customers from using different software products. Also, the new claim regarding IQVIA's unlawful access of Veeva's software cannot possibly overlap with any claim in the MDM Action. Nevertheless, in August 2020, Magistrate Judge Falk consolidated the two 2019 actions and, over Veeva's objections, stayed the consolidated cases based on the pending MDM Action. *See* Opinion, Case No. 2:19-cv-15517, ECF No. 61 (Aug. 21, 2020). No discovery has occurred in those consolidated actions.

**Pending Objections and Motions**

There are three pending "appeals" of, or objections under Federal Rule of Civil Procedure 53(f) to, Judge Cavanaugh's discovery rulings in the MDM Action, two of which have been pending since 2018. Those appeals are:

1. ECF No. 150 (Sept. 27, 2018): Veeva appealed Judge Cavanaugh's denial of Veeva's motion to compel responses to two interrogatories asking IQVIA to specifically identify the trade secrets that Veeva allegedly misappropriated.

2. ECF No. 194 (Dec. 14, 2018): Veeva appealed Judge Cavanaugh's order compelling Veeva to produce forensic artifacts and other discovery materials from hundreds of computers that were used up to nine years ago by approximately 170 people.

3. ECF No. 327 (Jan. 29, 2021): Veeva appealed Judge Cavanaugh's denial of Veeva's motion to compel production of IQVIA's contracts for the wholesale and retail

The Honorable Julien Xavier Neals, U.S.D.J.
July 19, 2021
Page 4

      prescription data used in IQVIA data products, in which IQVIA has a global monopoly.

Veeva requested oral argument on those appeals, *see* Letter from J. Hayden to Judge Cecchi, Case No. 2:17-cv-00177, ECF No. 337 (Feb. 16, 2021), but no argument has been held.

      In addition, the parties are in the process of briefing Veeva's objections to Judge Cavanaugh's May 7, 2021, Opinion & Order, Case No. 2:17-cv-00177, ECF No. 349 (May 7, 2021), which seek to vacate Judge Cavanaugh's decisions that: (1) the crime-fraud exception vitiated Veeva's claim of attorney-client privilege over certain documents, and (2) this Court should provide adverse-inference instructions to the jury because Veeva spoliated evidence. *See* ECF Nos. 353, 355. Under Federal Rule of Civil Procedure 53(f), all factual and legal issues involved in those decisions are for Your Honor's *de novo* review.

      Veeva will not repeat its arguments on these issues here, but it respectfully disagrees with Judge Cavanaugh's decisions and believes that oral argument on all of the objections will be beneficial to the Court and parties.

      Finally, in January 2021, Veeva moved to lift the stay on the consolidated Declaratory Judgment and Nitro Actions. *See* Case No. 2:19-cv-15517, ECF No. 63 (Jan. 19, 2021). Veeva believes that events occurring since it filed that motion further confirm that the stay should be lifted, and respectfully submits that argument on that motion is also warranted.

*   *   *

      Accordingly, Veeva respectfully joins in IQVIA's request for a status conference before the Court at the Court's earliest convenience. We thank the Court for its attention to these matters.

      Respectfully,

      *s/ Joseph A. Hayden, Jr.*
      Joseph A. Hayden, Jr.

cc:    Counsel of record